# Exhibit A

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

Case 2:24-cv-11440-SKD-APP ECF No. 1-1, PageID.10 Filed 05/31/24 Page 2 of 16

FILED Received for Filing Oakland County Clerk 4/12/2024 2:46 PM

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

2024-206772-CB

JUDGE VICTORIA VALENTINE

KEITH ALTMAN,
   an individual;
THE LAW OFFICE OF KEITH ALTMAN,
   A Michigan PLLC.

   Plaintiffs,

-vs-

JOSEPH D. LENTO,
   An individual;
LENTO LAW FIRM,
   A New Jersey LLC;
LENTO LAW GROUP,
   A New Jersey LLC.
BRANDON GULLA,
   A Michigan resident.

   Defendants.

Case No. 24-    -CB
Hon.

## COMPLAINT

A previous action was filed by the Lento defendants against the plaintiffs in the United States District Court of New Jersey. This case was dismissed on April 11, 2024, for lack of jurisdiction. That case number was 1:22-cv-04840. The causes of action alleged in this Complaint was not a part of that New Jersey case and were not yet litigated.

This action involves a business dispute, as defined by MCL 600.8031 and MCR 2.112(O).

## PLAINITFFS COMPLAINT

Plaintiff's Keith Altman and the Law Office of Keith Altman, PLLC, allege as follows:

### I. PARTIES

1. Upon information and belief, Defendant Joseph D. Lento is a resident of the state of Pennsylvania.

2. Upon information and belief, Defendant Lento Law Firm, LLC is a foreign limited liability company registered in the State of Pennsylvania with a registered office at 1500 Walnut Street Suite 500 Philadelphia PA 19102, and a principal place of business at 242 Terrace Blvd.

Suite D1, Voorhees New Jersey 08043.

3. Upon information and belief, Defendant Lento Law Group, LLC is a foreign limited liability company registered in the State of Pennsylvania with a registered office at 1500 Walnut Street Suite 500 Philadelphia PA 19102, and a principal place of business at 242 Terrace Blvd. Suite D1, Voorhees New Jersey 08043.

4. Defendant Brandon Gulla resides in Oakland County, MI.

5. Plaintiff Keith Altman is a resident of the State of Michigan.

6. Plaintiff The Law Office of Keith Altman, PLLC is a professional limited liability company in the State of Michigan with its principal place of business at 37555 W. 12 Mile Rd., Suite 375 Farmington Hills, Michigan 48331.

## II.   JURISDICTION AND VENUE

7. Plaintiffs are residents of the State of Michigan.

8. Defendants knowingly and intentionally contracted with Plaintiffs, with the actual knowledge that they were are residents and citizens of the State of Michigan, thereby purposely and knowingly availing themselves of Michigan's laws and statutes, including Michigan's Long-Arm Statute.

9. The amount in controversy exceeds $25,000.00.

10. Jurisdiction and venue are thus proper in this Court, pursuant to MCL 600.1621 and MCL 600.705.

## III.   FACTUAL ALLEGATIONS

11. In May 2020, a working relationship started between Plaintiffs and Defendants. ("Working Relationship").

12. Defendants had knowledge of the Working Relationship and actively participated in the Working Relationship by continuing to use Plaintiffs as a 1099 employee to provide legal services to Defendants' clients.

13. Defendants had exclusive contracts/fee agreements/engagement letters with each Split Fee Clients that were sent by Defendants to Plaintiffs to provide legal services.

2

14. Defendants exclusively received the fees paid by the Split Fee Clients and deposited the monies into their "operating account".

15. Defendants paid monies to Plaintiffs for the legal services performed by him for the Split Fee Clients.

16. The parties entered into a verbal agreement wherein all attorneys' fees collected for pre-litigation student defense matters would be split 60/40, with 60% of the fee going to Defendants as the attorney of record and 40% of the fee going to Plaintiffs for their time and labor. ("Split Fee Clients").

17. Defendants' marketing expenses were to be deducted off the top of all attorneys' fees prior to the fee split between the parties. ("Verbal Contract"). The terms of the Verbal Contract are undisputed.

18. Due to Defendants owing Plaintiffs excessive legal fees, Plaintiffs requested marketing expenses for calculation of legal fees owed to Plaintiffs, minus Defendants' paid marketing services specifically tailored to student defense and Title IX.

19. To date, Defendants have failed to provide an amount or documentation supporting Defendants' marketing expenses.

20. In February 2022, effective March 1, 2022, the parties agreed to a modified fee split. Under the modification, Defendants were to receive 55% of the legal fees paid to Defendants with Plaintiffs receiving 45% of the fee, minus Defendants' marketing expenses being reduced off the top of the legal fees rendered prior to the split.

21. Plaintiffs were to receive 25% of the consulting revenue retroactive to January 1, 2022. ("Modified Verbal Contract").

22. Due to the growth of the services being rendered by Plaintiffs, they incurred additional staffing expenses.

23. The parties agreed to a second modification of the Verbal Contract providing for Plaintiffs' law firm salaries, approximately $100,000 per month, being reduced along with Defendants' marketing expenses from the Fee Split Clients' fees. ("Second Modified Verbal

3

Contract").

24. As of July 2022, Defendants owed Plaintiffs $705,665, plus $100,000 for Plaintiffs' salaries.

25. Total amount owed by Defendant to Plaintiffs is $770,260.

26. Plaintiffs provided to Defendants an accounting evidencing the owed attorneys' fees and salary costs.

27. To reduce the amount owed, Defendants agreed to send $80,000 to Plaintiffs on or before July 22, 2022.

28. On July 23, 2022, Defendants did not send the agreed upon amount of $80,000 but only sent $55,000 to Plaintiffs.

29. On July 24, 2022, the parties agreed to sever the Working Relationship.

30. The parties resolved the payment dispute and entered into a Resolution Agreement.

31. On that same day, John Hunt, agent for Defendants, advised Altman that he had been appointed by Plaintiffs to negotiate the outstanding fees.

32. Based on Hunt's representations of his appointment by the Defendants to negotiate the outstanding fees, Plaintiffs made a demand to Defendants in the amount of $500,000.

33. On July 25, 2022, a Resolution Agreement was made by Defendants offering the following: 1) $365,000 payment to Plaintiff; 2) Defendants taking back all uncompleted student defense cases which were not active litigation cases; 3) Defendants waving all referral fees in all litigation matters arising from the Verbal Contract to the present; 4) mutual indemnification; 5) mutual releases; and 6) mutual non disparagement.

34. Plaintiffs forwarded to Defendants a Memorandum of Understanding that accurately reflected the Resolution Agreement. (Exhibit A).

35. On July 28, 2022, Defendants revised the MOU and forwarded an unsigned copy of same to Plaintiffs.

36. The revised MOU was drafted by Joseph Cannizzo of the Defendant Lento Law Group and edited personally by Defendant Joseph Lento.

4

37. The core elements of the contract remained unchanged throughout the versions:

    a. Lento Law Group, LLC, Joseph Lento, Keith Altman and the Law Office of Keith Altman sought to terminate the working relationship.

    b. Lento was to pay Altman $365,000 for a full release of all claims.

    c. All pre-litigation clients were to be transferred back to Lento and the Lento Law Group as Lento had already received payment for the services.

    d. The Law Office of Keith Altman would maintain all litigation clients and would render new fee agreements to such clients removing Lento from their representation and an award of fees should litigation result in an award.

38. Defendants edited the MOU to include a clause that stated "WHEREAS, the Parties to this Agreement desire to settle, resolve, and release all disputes, potential disputes, or causes of action which either party has asserted or could assert against the other party"

39. The Resolution Agreement entered into between the parties on July 28, 2022, is binding.

40. The Resolution Agreement includes payment, transfer of client files, determination of referral fees, mutual indemnification, mutual releases for the partis and mutual non disparagement.

### COUNT I – BREACH OF CONTRACT
### Plaintiffs against the Lento Defendants.

41. Plaintiff incorporates by reference the facts alleged in each and every allegation set forth in the preceding paragraphs as if fully set out herein.

42. The parties entered into an agreement.

43. The essential terms were memorialized in writing.

44. The Parties sought to enter into a second agreement in order to amicably terminate the working relationship between the Parties.

45. The Parties agreed that Defendants would pay Plaintiffs $365,000 as a fair resolution to Defendants' outstanding financial obligations that would allow the Parties to walk

5

away from the working relationship.

46. Plaintiffs were in fact owed significantly more than the $365,000 provided for in the settlement agreement.

47. Plaintiffs accepted the $365,000 offered to walk away from the working relationship.

48. There was a mutually agreed upon consideration to be exchanged between the Parties in order to cease the working relationship between the Parties and allow them to each go their own way.

49. There was sufficient consideration for all parties.

50. As a direct and proximate result of Defendants' actions, Plaintiffs sustained and continue to sustain injuries and damages.

### COUNT II – PROMISSORY ESTOPPEL
**Plaintiffs against the Lento Defendants**

51. Plaintiff incorporates by reference the facts alleged in each and every allegation set forth in the preceding paragraphs as if fully set out herein.

52. Defendant made certain verbal assertions and promises to Plaintiffs, with the specific intent and purpose for Plaintiffs to rely on them to Plaintiffs' detriment.

53. Plaintiffs did in fact reasonably rely on Defendants assertions and promises, to Plaintiffs' detriment.

54. Plaintiff suffered harm as a result.

### COUNT III – CIVIL CONSPIRACY
**Plaintiffs against all Defendants.**

55. Plaintiff incorporates by reference the facts alleged in each and every allegation set forth in the preceding paragraphs as if fully set out herein.

56. The defendants conspired to deprive Plaintiffs of funds to which Plaintiffs were entitled.

57. This conspiracy included Mr. Gulla filing a frivolous grievance with the Michigan

6

Attorney Grievance Commission, which was previously threatened by a Lento Law Group representative. Specifically, the intended purpose of the conspiracy was to unlawfully deprive Plaintiffs of funds to which the defendants knew Plaintiffs were entitled.

58.   Plaintiffs suffered harm as a result.

**WHEREFORE**, Plaintiffs pray that this honorable Court:

(a) Enter judgement against the Defendants and in favor of Plaintiffs for actual damages for financial loss in an amount to be determined at trial;

(b) Grant such other and further relief as justice requires.

Respectfully submitted,

*/s/ Solomon M. Radner*
Solomon M. Radner, Esq. (P73653)
RADNER LAW GROUP PLLC
17515 West Nine Mile Road, Ste 1050
Southfield, MI 48075
Telephone: (877) 723-6375
solomon@radnerlawgroup.com
*Attorney for Plaintiffs*

**DATED: April 11, 2024**

FILED   Received for Filing   Oakland County Clerk   5/16/2024 1:12 PM

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

| | |
|---|---|
| KEITH ALTMAN an individual, THE LAW OFFICE OF KEITH ALTMAN, a Michigan PLLC, <br><br> Plaintiffs, <br> v. <br><br> JOSEPH D. LENTO, an individual, LENTO LAW FIRM, a Pennsylvania LLC, LENTO LAW GROUP a Pennsylvania foreign LLC, and BRANDEN GULLA, a Michigan resident, <br><br> Defendants. | Civil Action No.: 2024-206772-CB <br><br> Hon. Victoria Valentine |

## AMENDED COMPLAINT

A previous action was filed by the Lento Defendants against the Plaintiffs in the United States District Court of New Jersey. This case was dismissed on April 11, 2024, for lack of jurisdiction. That case number was 1:22-cv-04840. The causes of action alleged in this Complaint were not a part of that New Jersey case and were not yet litigated. This action involves a business dispute, as defined by MCL 600.8031 and MCR 2.112(O).

### PLAINITFFS AMENDED COMPLAINT

Plaintiff's Keith Altman and the Law Office of Keith Altman, PLLC, allege as follows:

### I.   PARTIES

1. Upon information and belief, Defendant Joseph D. Lento is a resident of the state of Pennsylvania.

2. Upon information and belief, Defendant Lento Law Firm, LLC is a limited liability company registered in the State of Pennsylvania with a registered office at 1500 Walnut Street Suite 500 Philadelphia PA 19102, and a principal place of business at 1500 Walnut Street Suite

500 Philadelphia, PA 19102.

3. Upon information and belief, Defendant Lento Law Group, LLC is a foreign limited liability company registered in the State of Pennsylvania with a registered office at 1500 Walnut Street Suite 500 Philadelphia PA 19102, and a principal place of business at 1500 Walnut Street Suite 500 Philadelphia, PA 19102.

4. Defendant Branden Gulla resides in Oakland County, MI.

5. Plaintiff Keith Altman is a resident of the State of Michigan.

6. Plaintiff The Law Office of Keith Altman, PLLC is a professional limited liability company in the State of Michigan with its principal place of business at 37555 W. 12 Mile Rd., Suite 375 Farmington Hills, Michigan 48331.

## II.     JURISDICTION AND VENUE

7. Plaintiffs are residents of the State of Michigan.

8. Defendants knowingly and intentionally contracted with Plaintiffs, with the actual knowledge that they were are residents and citizens of the State of Michigan, thereby purposely and knowingly availing themselves of Michigan's laws and statutes, including Michigan's Long-Arm Statute.

9. The amount in controversy exceeds $25,000.00.

10. Jurisdiction and venue are thus proper in this Court, pursuant to MCL 600.1621 and MCL 600.705.

## III.    FACTUAL ALLEGATIONS

11. In May 2020, a working relationship started between Plaintiffs and Defendants. ("Working Relationship").

12. Defendants had knowledge of the Working Relationship and actively participated

2

in the Working Relationship by continuing to use Plaintiffs as a 1099 employee to provide legal services to Defendants' clients.

13. Defendants had exclusive contracts/fee agreements/engagement letters with each Split Fee Clients that were sent by Defendants to Plaintiffs to provide legal services.

14. Defendants exclusively received the fees paid by the Split Fee Clients and deposited the monies into their "operating account".

15. Defendants paid monies to Plaintiffs for the legal services performed by him for the Split Fee Clients.

16. The parties entered into a verbal agreement wherein all attorneys' fees collected for pre-litigation student defense matters would be split 60/40, with 60% of the fee going to Defendants as the attorney of record and 40% of the fee going to Plaintiffs for their time and labor. ("Split Fee Clients").

17. Defendants' marketing expenses were to be deducted off the top of all attorneys' fees prior to the fee split between the parties. ("Verbal Contract"). The terms of the Verbal Contract are undisputed.

18. Due to Defendants owing Plaintiffs excessive legal fees, Plaintiffs requested marketing expenses for calculation of legal fees owed to Plaintiffs, minus Defendants' paid marketing services specifically tailored to student defense and Title IX.

19. To date, Defendants have failed to provide an amount or documentation supporting Defendants' marketing expenses.

20. In February 2022, effective March 1, 2022, the parties agreed to a modified fee split. Under the modification, Defendants were to receive 55% of the legal fees paid to Defendants with Plaintiffs receiving 45% of the fee, minus Defendants' marketing expenses being reduced off

3

the top of the legal fees rendered prior to the split.

21.     Plaintiffs were to receive 25% of the consulting revenue retroactive to January 1, 2022. ("Modified Verbal Contract").

22.     Due to the growth of the services being rendered by Plaintiffs, they incurred additional staffing expenses.

23.     The parties agreed to a second modification of the Verbal Contract providing for Plaintiffs' law firm salaries, approximately $100,000 per month, being reduced along with Defendants' marketing expenses from the Fee Split Clients' fees. ("Second Modified Verbal Contract").

24.     As of July 2022, Defendants owed Plaintiffs $705,665, plus $100,000 for Plaintiffs' salaries.

25.     Total amount owed by Defendant to Plaintiffs is $770,260.

26.     Plaintiffs provided Defendants an accounting evidencing the owed attorneys' fees and salary costs.

27.     To reduce the amount owed, Defendants agreed to send $80,000 to Plaintiffs on or before July 22, 2022.

28.     On July 23, 2022, Defendants did not send the agreed upon amount of $80,000 but only sent $55,000 to Plaintiffs.

29.     On July 24, 2022, the parties agreed to sever the Working Relationship.

30.     The parties resolved the payment dispute and entered into a Resolution Agreement.

31.     On that same day, John Hunt, agent for Defendants, advised Altman that he had been appointed by Plaintiffs to negotiate the outstanding fees.

32.     Based on Hunt's representations of his appointment by the Defendants to negotiate

4

the outstanding fees, Plaintiffs made a demand to Defendants in the amount of $500,000.

33. On July 25, 2022, a Resolution Agreement was made by Defendants offering the following: 1) $365,000 payment to Plaintiff; 2) Defendants taking back all uncompleted student defense cases which were not active litigation cases; 3) Defendants waving all referral fees in all litigation matters arising from the Verbal Contract to the present; 4) mutual indemnification; 5) mutual releases; and 6) mutual non disparagement.

34. Plaintiffs forwarded to Defendants a Memorandum of Understanding that accurately reflected the Resolution Agreement. (Exhibit A).

35. On July 28, 2022, Defendants revised the MOU and forwarded an unsigned copy of same to Plaintiffs.

36. The revised MOU was drafted by Joseph Cannizzo of the Defendant Lento Law Group and edited personally by Defendant Joseph Lento.

37. The core elements of the contract remained unchanged throughout the versions:

    a. Lento Law Group, LLC, Joseph Lento, Keith Altman and the Law Office of Keith Altman sought to terminate the working relationship.

    b. Lento was to pay Altman $365,000 for a full release of all claims.

    c. All pre-litigation clients were to be transferred back to Lento and the Lento Law Group as Lento had already received payment for the services.

    d. The Law Office of Keith Altman would maintain all litigation clients and would render new fee agreements to such clients removing Lento from their representation and an award of fees should litigation result in an award.

38. Defendants edited the MOU to include a clause that stated "WHEREAS, the Parties to this Agreement desire to settle, resolve, and release all disputes, potential disputes, or causes of

5

action which either party has asserted or could assert against the other party"

39. The Resolution Agreement entered into between the parties on July 28, 2022, is binding.

40. The Resolution Agreement includes payment, transfer of client files, determination of referral fees, mutual indemnification, mutual releases for the partis and mutual non disparagement.

## COUNT I – BREACH OF CONTRACT
### Plaintiffs against the Lento Defendants.

41. Plaintiff incorporates by reference the facts alleged in each and every allegation set forth in the preceding paragraphs as if fully set out herein.

42. The parties entered into an agreement.

43. The essential terms were memorialized in writing.

44. The Parties sought to enter into a second agreement in order to amicably terminate the working relationship between the Parties.

45. The Parties agreed that Defendants would pay Plaintiffs $365,000 as a fair resolution to Defendants' outstanding financial obligations that would allow the Parties to walk away from the working relationship.

46. Plaintiffs were in fact owed significantly more than the $365,000 provided for in the settlement agreement.

47. Plaintiffs accepted the $365,000 offered to walk away from the working relationship.

48. There was a mutually agreed upon consideration to be exchanged between the Parties in order to cease the working relationship between the Parties and allow them to each go their own way.

6

49. There was sufficient consideration for all parties.

50. As a direct and proximate result of Defendants' actions, Plaintiffs sustained and continue to sustain injuries and damages.

## COUNT II – PROMISSORY ESTOPPEL
### Plaintiffs' against the Lento Defendants.

51. Plaintiff incorporates by reference the facts alleged in each and every allegation set forth in the preceding paragraphs as if fully set out herein.

52. Defendant made certain verbal assertions and promises to Plaintiffs, with the specific intent and purpose for Plaintiffs to rely on them to Plaintiffs' detriment.

53. Plaintiffs did in fact reasonably rely on Defendants assertions and promises, to Plaintiffs' detriment.

54. Plaintiff suffered harm as a result.

## COUNT III – CIVIL CONSPIRACY
### Plaintiffs against all Defendants

55. Plaintiff incorporates by reference the facts alleged in each and every allegation set forth in the preceding paragraphs as if fully set out herein.

56. The defendants conspired to deprive Plaintiffs of funds to which Plaintiffs were entitled.

57. This conspiracy included Mr. Gulla filing a frivolous grievance with the Michigan Attorney Grievance Commission, which was previously threatened by the Lento Law Group representative. Specifically, the intended purpose of the conspiracy was to unlawfully deprive Plaintiffs of funds to which the defendants knew Plaintiffs were entitled.

58. Plaintiffs suffered harm as a result.

**WHEREFORE**, Plaintiffs pray that this honorable Court:

(a) Enter judgement against the Defendants and in favor of Plaintiffs for actual damages for financial loss in an amount to be determined at trial;

(b) Grant such other and further relief as justice requires.

                                      Respectfully submitted,

                                      */s/ Solomon M. Radner*
Solomon M. Radner, Esq. (P73653)
RADNER LAW GROUP PLLC
17515 West Nine Mile Road, Ste 1050
Southfield, MI 48075
Telephone: (877) 723-6375
solomon@radnerlawgroup.com
*Attorney for Plaintiffs*

**DATED: May 16, 2024**

8