UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH ALTMAN and
LAW OFFICE OF KEITH ALTMAN,

        Plaintiffs,                    Case No. 2:24-cv-11440

v.                                        Honorable Susan K. DeClercq
                                              United States District Judge

LENTO LAW FIRM et al.,

        Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND REMANDING CASE**

This case presents the familiar question of whether federal courts should exercise jurisdiction where none rightfully exists. Plaintiffs initiated this lawsuit in Sixth Circuit Court of Oakland County alleging breach of contract, promissory estoppel, and civil conspiracy. Defendants removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Upon careful review, this Court finds no basis for jurisdiction and remands the case to state court.

I.

The tale begins in the professional corridors of legal practice, where Keith Altman, who is a Michigan attorney, and his law firm, The Law Office of Keith Altman, navigated the turbulent waters of client representation. The clients in question included Defendants Branden Gulla, who is also a Michigan resident, and

the Lento Law Firm, a Pennsylvania LLC led by Joseph D. Lento. ECF No. 1. The professional relationship between Plaintiffs and Gulla soured, culminating in Gulla filing a misconduct grievance with the Attorney Grievance Commission. *Id.*

On May 16, 2024, Plaintiffs filed a three-count amended complaint against Defendants in the Oakland County Circuit court, alleging that Gulla's grievance was not a solitary act of dissatisfaction but rather a coordinated effort—an alleged civil conspiracy involving Gulla, Lento, and the Lento Law Firm. *See* ECF No. 1-1 at PageID.17–24; *see also Altman v. Lento*, No. 2024-206772-CB (Mich. 6th Cir. Ct. Oakland Cnty.). Plaintiffs asserted breach of contract and promissory estoppel against the Lento Defendants, intertwining these contractual grievances with accusations of a wider conspiracy to tarnish Altman's professional reputation.

On May 31, 2024, Defendants removed the case here under 28 U.S.C. § 1441(b)(2), citing diversity jurisdiction under 28 U.S.C. § 1332(a). ECF No. 1. Defendants argue that Plaintiffs fraudulently joined Gulla to destroy diversity. *Id.* Defendants assert that the civil-conspiracy claim lacks merit, as there was no underlying tort, and that Gulla's grievance is protected under Michigan Court Rule 9.125. *Id.* Gulla averred that he was not involved in the contractual matters between Plaintiffs and the Lento Defendants and denied any liability. ECF No. 1-2.

With respect to diversity jurisdiction, Defendants contend that (1) Plaintiffs are citizens of Michigan, (2) the Lento Defendants are citizens of Pennsylvania, and

(3) Defendant Gulla, a Michigan citizen, should be disregarded in the removal analysis because Plaintiff cannot recover against him as a matter of law. ECF No. 1 at PageID.5–6.

The parties were directed to show cause why this case should not be remanded for lack of jurisdiction because the parties are not completely diverse. ECF No. 8.

In response, Plaintiffs filed a motion to remand. ECF Nos. 13; 17. They contend they did not fraudulently join Gulla. Although Plaintiffs' motion is based on a post-removal amended complaint filed here, "the nature of [Plaintiffs'] claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands at the time the petition for removal is filed." *Castanon v. UPS, Inc.*, 610 F. Supp. 3d 983, 987-88 (E.D. Mich. 2022) (first quoting *Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 863 (5th Cir. 2021); and then citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)); *see also Harper v. AutoAlliance Int'l*, 392 F.3d 195, 210 (6th Cir. 2004) ("The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." (citing *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000))).

Defendants, by contrast, maintain that that there is diversity jurisdiction because Plaintiffs fraudulently joined Gulla. ECF Nos. 14; 15; *see also* ECF Nos. 7; 10; 11; 12; 19–22.

## II.

For diversity jurisdiction to exist, the parties must be completely diverse, meaning no plaintiff shares a state of citizenship with any defendant, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Here, Plaintiffs and Defendant Gulla are Michigan residents, defeating complete diversity.

"[I]n certain contexts," including removal, district courts must in "look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction." *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 162 (2014) (per curiam) (citing *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 179–80 (1907)).

Defendants contend that Gulla was fraudulently joined to destroy diversity, a serious charge requiring substantial proof. Fraudulent joinder occurs when a plaintiff names a defendant against whom there is no reasonable basis for a claim, solely to prevent removal. But "[a] removing party faces a heavy burden in attempting to demonstrate fraudulent joinder." *Freed v. Int'l City/Cnty. Mgmt.*, No. 4:23-CV-12365, 2024 WL 2797091, at *2 (E.D. Mich. May 31, 2024) (citing *Kent State Univ. Bd. of Trs. v. Lexington Ins.*, 512 F. App'x 485, 489–90 (6th Cir. 2013)). Defendants

must demonstrate that there is no "glimmer of hope" that Plaintiffs could prevail against Gulla. *Christensen v. ATS, Inc.*, 24 F. Supp. 3d 610, 613 (E.D. Ky. 2014); *see also Chambers v. HSBC Bank USA*, 796 F.3d 560, 564 (6th Cir. 2015).

But Defendants' argument holds no water. "No one can say that [Plaintiffs] joined [Gulla] to this lawsuit in order to defeat diversity because [they] did not *join* [Gulla] at all. [Plaintiffs] named [Gulla] as [an] original defendant in the lawsuit . . . ." *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 958 (6th Cir. 2017); ECF No. 1-1 at PageID.10, 17 (identifying Gulla as an original defendant in the complaint and amended complaint). No joinder, no fraudulent joinder. Therefore, there is no diversity jurisdiction, and the case will be remanded for further proceedings.[1]

Notably, this Order will not impede the state court's ability to determine the merits of Plaintiffs' claims or whether Plaintiffs may amend their complaint again.

### III.

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Remand, ECF No. 17, is **GRANTED**.

---

[1] Defendants' other arguments would require opining on the merits of Plaintiffs' state-law claims, which will be avoided to respect the state court's determination of state-law issues. *E.g.*, *Castanon v. UPS, Inc.*, 624 F. Supp. 3d 846, 856 n.4 (E.D. Mich. 2022); *see* Laura S. Fitzgerald, *Suspecting the States: Supreme Court Review of State-Court State-Law Judgments*, 101 MICH. L. REV. 80, 178 n.131 (2002) ("In most cases, comity and respect for federalism compel us to defer to the decisions of state courts on issues of state law." (quoting *Bush v. Gore*, 531 U.S. 98, 112 (2000) (Rehnquist, C.J., concurring))). Yet the allegations are sufficient to provide the requisite glimmer of hope.

Further, it is **ORDERED** that the above-captioned case is **REMANDED** to the Sixth Circuit Court of Oakland County.

**This is a final order and closes the above-captioned case**.

> */s/Susan K. DeClercq*
> SUSAN K. DeCLERCQ
> United States District Judge

Dated: 7/19/2024